IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-312-FL

| | |
|---|---|
| MUNTHER OMAR BAYYARI, ) | |
| AFAF BAYYARI, and OMAR BAYYARI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER AND |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| GERALD M. SHAPIRO, GRADY I. ) | |
| INGLE, DAVID S. KREISMAN, ET AL., ) | |
| *doing business as Shapiro and Ingle LLP*, ) | |
| and SHAPIRO AND INGLE, LLP, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on *pro se*[1] Plaintiff Munther Omar Bayyari's ("M. Bayyari") motion to proceed *in forma pauperis* and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] [DE-1]. M. Bayyari has demonstrated sufficient evidence of inability to pay the required court costs. Accordingly, the motion to proceed *in forma pauperis* is allowed. Notwithstanding the grant of *in forma pauperis* status, for the reasons set forth below, it is recommended that the case be remanded or dismissed.

---

[1] Although Plaintiffs assert they are proceeding "In Propria Persona, Sui Juris (not to be confused with pro se)," this court has previously noted that "[b]oth terms refer to a litigant who appears before the court on his own behalf, without an attorney," *Liebig v. Kelley-Allee*, 923 F. Supp. 778, 778 n.1 (E.D.N.C. 1996), and the distinction has no relevance here.

[2] There are several procedural deficiencies in the initial filings in this case: Each plaintiff seeking to proceed *in forma pauperis* must file a separate application, and neither Afaf Bayyari ("A. Bayyari") nor Omar Bayyari ("O. Bayyari") has done so; no Plaintiff in this action has signed the removal notice/complaint, although they purport to be proceeding without an attorney; each party is required to file a financial disclosure, but only O. Bayarri has filed the requisite financial disclosure and it is signed by another individual; and an individual by the name of Mark Hayes, "Constitutional Consul," has signed the removal notice/complaint and financial disclosure, but has not entered an appearance in the case and does not appear to be licensed to practice law in North Carolina or admitted to practice in this district. Should the court determine that remand or dismissal of this case is not appropriate, these deficiencies should be addressed by Plaintiffs.

## I. LEGAL STANDARD

Because M. Bayyari is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*,

2

376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* pleadings are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

The document initiating this action [DE-1-1] is confusing at best. Construing the document filed by the *pro se* party liberally, as the court is required to do, it appears to be either an attempt to remove to this court a foreclosure action filed against M. Bayyari, O. Bayyari, and A. Bayyari (collectively, the "Bayyaris" or "Plaintiffs") in state court or, alternatively, to assert a constitutional

3

due process claim based on the allegedly wrongful foreclosure filed against the Bayyaris in state court. Under either reading, this matter should proceed no further in this court and be remanded or dismissed.

## A. Removal Notice

Several factors weigh in favor of construing the document filed as an attachment to M. Bayyari's *in forma pauperis* application as a removal notice. The document contains the following caption:

**Removal of court case number:**

14SP100

From Municipal Court
To Federal Court

Pursuant to Title 28 § 1441-1446;
Proper Article III Jurisdiction

[DE 1-1] at 1. The document further contains a footer on each page stating "Removal to Federal Court." *Id.* at 1-8. The text of the document also notices Defendants that the federal court now has jurisdiction of the matter and all future filings should be made in the federal court. *Id.* at 1, 3. It is further asserted in the document that Defendants sought an unlawful foreclosure of Plaintiffs' property without producing a "certifiable true copy of a negotiable instrument" and, therefore, had no legitimate claim to the property. *Id.* at 4. Plaintiffs assert that the Nash County Court Clerk refused to allow Plaintiffs an extension of time to provide certain documents. *Id.* Plaintiffs conclude that their constitutional right to due process was violated and ask the court to stop Defendants' abuses as to Plaintiffs, bring any criminal charges found against Defendants, dismiss and expunge the state court action, and award millions of dollars in damages against the various Defendants. *Id.*

4

at 6-7.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. *Id.* § 1446(a) & (b). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). The defendant must also file a copy of the notice of removal in state court. *Id.* § 1446(d).

Here, Plaintiffs failed to file the requisite documents from the state court case they seek to remove to this court. Further, it is unclear when the state court case was filed and, thus, it cannot be determined whether the attempted removal is timely. While these deficiencies could potentially be corrected, to allow Plaintiffs the opportunity to do so would be futile, because there is no basis for the court to exercise subject matter jurisdiction over this matter. First, there is no basis for removal jurisdiction based on diversity, where all parties appear to be citizens of North Carolina. [DE-1-1] at 2-3. *See Cranberry Fin., LLC v. Ctr. of Love Mission Church*, No. 5:10-CV-524-FL, 2010 WL 5353361, at *2 (E.D.N.C. Dec. 15, 2010) ("[A]n action is not removable if one or more defendants is a citizen of the state in which the action was brought.") (citing 28 U.S.C. § 1441(b)). Alternatively, "[t]o remove an action based on federal question jurisdiction, the federal question 'must be an element, and an essential one of the plaintiff's cause of action.'" *Brickhouse v. Charles*, No. 2:13-CV-52-BO, 2013 WL 6410229, at *2 (E.D.N.C. Dec. 9, 2013) (citing *Gully v. First Nat'l*

5

*Bank*, 299 U.S. 109, 112 (1936)). The state court foreclosure action Plaintiffs attempt to remove could not have been brought in this court originally as no federal question is presented. *See Cranberry Fin., LLC*, 2010 WL 5353361, at *2 (finding no federal question presented by foreclosure action). Finally, to the extent Plaintiffs attempt to assert counterclaims presenting a federal question, they provide no jurisdictional basis for removal because those claims were not the subject matter of the state court case they are attempting to remove. *See Brickhouse*, 2013 WL 6410229, at *2 (concluding that defendant's allegation that his Fourteenth Amendment rights are being violated because he was not served process in the state court case is not an issue in the case that defendant is attempting to remove and, thus, provides no basis for federal question subject matter jurisdiction over the case). Accordingly, where the removal requirements have not been met and there is no basis for subject matter jurisdiction in this court, it is recommended that this case be remanded.

### B. Complaint

Alternatively, to the extent Plaintiffs attempt to file a complaint against Defendants for constitutional due process violations stemming from the alleged wrongful foreclosure action, the matter should be dismissed for failure to state a claim. Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a cause of action under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under

6

the color of state law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). Even construing the allegations in the light most favorable to Plaintiffs and assuming a constitutional deprivation has been sufficiently stated, the complaint fails to state a claim under § 1983.

Here, several parties are named as defendants: the State of North Carolina and all employees, agents, officers, contractors, and assignees therein, the Clerk of Nash County, Gerald M. Shapiro, Grady I. Ingle, and David S. Kreisman, as well as Shapiro and Ingle, LLP. [DE-1-1] at 1, 3. However, none of these parties are amendable to suit under § 1983 based on the facts alleged.

### i. North Carolina and All Employees, Agents, Officers, Contractors, and Assignees

As the Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit applies not only to the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). The Supreme Court has specifically held the Eleventh Amendment to preclude claims against a State and its instrumentalities brought pursuant to 42 U.S.C. § 1983, which is presumably the basis for this suit. *Will*, 491 U.S. at 71. Although sovereign immunity may be waived or abrogated, there is no readily apparent basis on which to avoid its bar in this case. *See Snow v. N.C. Dep't of Health &*

7

*Human Servs.*, No. 5:12-CV-724-FL, 2014 WL 808646, at *6-7 (E.D.N.C. Feb. 28, 2014) (discussing exceptions to doctrine of state sovereign immunity). Likewise, the Defendants named as all North Carolina employees, agents, officers, contractors, and assignees would be immune from suit in their official capacities, and no individuals from this group have been named. *Id.*, at *5-6. Accordingly, Plaintiffs' claims against the State of North Carolina and all employees, agents, officers, contractors, and assignees therein are barred by sovereign immunity.

### ii. Clerk of Nash County

A clerk of court is entitled to quasi-judicial immunity when carrying out judicial functions. *See Sullivan v. North Carolina*, No. 7:11-CV-238-D, 2012 WL 3762445, at *3 (E.D.N.C. Aug. 29, 2012) (finding quasi-judicial immunity protects court clerks) (citations omitted). Here, the allegation is that the Nash County Clerk of Court refused to grant Plaintiffs an extension of time. [DE-1-1] at 4. The alleged act arises from the clerk's conduct as a court officer. Accordingly, Defendant Clerk of Nash County is also entitled to immunity.

### iii. The Shapiro and Ingle Defendants

Section 1983 prohibits conduct by persons acting "under the color of state law." 42 U.S.C. § 1983. "The under-color-of-state-law element of § 1983, like the Fourteenth Amendment's state-action requirement, excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Rodgers v. Waste Indus., Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265, at *4 (E.D.N.C. Aug. 19, 2013), *aff'd*, 553 F. App'x 332 (4th Cir. 2014) (internal quotation marks and citations omitted). Here, there is no allegation that Defendants Shapiro, Ingle, Kreisman, or Shapiro and Ingle, LLP were acting under the color of state law. Moreover, there is no allegation that could be read to support a finding of state action by these private parties. *Id.* (noting that private action

may be found to constitute state action "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.") (quoting *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993)). Accordingly, Defendants Shapiro, Ingle, Kreisman, and Shapiro and Ingle, LLP are not amenable to suit under § 1983.

### III. CONCLUSION

Based upon the foregoing, M. Bayyari's motion to proceed *in forma pauperis* is ALLOWED and it is RECOMMENDED that the case be REMANDED or, alternatively, that the complaint [DE-1-1] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 2 day of September 2014.

Robert B. Jones, Jr.
United States Magistrate Judge